[Guttery *et. al.* v. Pickett.]

# Guttery *et al. v.* Pickett.

*Action against Sureties on a Promissory Note.*

1. *Principal and surety; construction of statute requiring suit to be brought to the first court after notice from surety.*—The statute which requires that in order to bind a surety upon any contract for the payment of money, after notice in writing to. the creditor to bring suit thereon against the principal debtor,. suit must be brought "to the first court to which suit can be brought after the receipt of such notice," (Code, § 3884), is. complied with by bringing the suit in time to be returnable to the first court after such notice; and it is not necessary that the suit should be instituted in time for the defendant to be put to his plea at the first court after such notice is received.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, D.. F. Pickett, against J. M. Guttery and Thos. J. King, to recover an amount alleged to be due the plaintiff from the defendants on a promissory note. The defendants pleaded that they were sureties on said note, and that they had given notice to the plaintiff to bring suit on said note against the principal debtor, at the first term of the court at which suit could be brought, and that said plaintiff had failed to bring suit against the principal debtor as required by the notice.

On the trial of the cause the evidence showed that notice under the statute was given by the defendants to plaintiff to bring suit against the principal debtor,. on July 7, 1898. The next term of the court to which suit could be brought began August 15, 1898. Suit against the principal was instituted on August 6, 1898; and on that day the summons issued in said suit was served on said principal. The note was introduced in evidence and it was shown that the defendants, whose names were signed to said note, were sureties thereon.

[Guttery *et al.* v. Pickett.]

Upon the introduction of all the evidence, the court gave the general affirmative charge at the request of the plaintiff, and refused to give the general affirmative charge requested by the defendants. To each of said rulings the defendants separately excepted.

There were verdict and judgment for the plaintiff. The defendants appeal and assign as error the giving of the general affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendants.

COLEMAN & BANKHEAD, for appellants.

NORVELL & SMITH, *contra.*

McCLELLAN, C. J.—The sole question presented by this record goes to the construction of section 3884 of the Code in respect to the time a suit must be instituted in relation to the succeeding term in order that it may be said within the meaning of that section to be brought "to the first court to which suit can be brought after the receipt" of the notice therein provided for. For the appellant it is contended that the suit should be brought in time for service to be had twenty days before the term, so that the cause would stand for trial at the first court. On the other hand, it is insisted for appellee that a suit is brought to the first court after such notice when the summons has been served on the defendant in time to be returned to that term of the court under section 3282 of the Code; and so the trial court held. We concur in this ruling. This statute does not require that the action shall be instituted in time for the defendant to be put to his plea at the first court, but only that the suit shall be brough to the first court; and it cannot be doubted that in common parlance, as well as technically, a suit is brought to that term of the court to which the summons is returnable. The summons being made returnable to the next term and having been served at least three days before the first day of such term and duly returned on or before such day the suit has been brought to that term, and is then in and before the court,

[Turrentine v. Blackwood.]

though it may not then stand for trial because service was not perfected for twenty days prior to such term.

The judgment of the circuit court must be affirmed.